UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

Yaqueline Bonilla
and other similarly
situated individuals,

     Plaintiff (s),

v.

Jenelle's Kitchen Corp
d/b/a Ricolombia,
and Juana Soto, individually,

     Defendants,

_____/

COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

Comes now Plaintiff Yaqueline Bonilla and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendants Jenelle's Kitchen Corp, d/b/a Ricolombia, and Juana Soto, individually and allege:

Jurisdiction Venues and Parties

1. This is an action to recover monetary damages for unpaid regular and overtime wages and retaliation under the laws of the United States. This Court has jurisdiction pursuant to Title 28 U.S.C. § 1337 and the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff Yaqueline Bonilla is a resident of Dade County, Florida, within the jurisdiction of this Honorable Court and is otherwise sui juris. Plaintiff is a covered employee for purposes of the Act.

Page **1** of **14**

3. Defendant Jenelle's Kitchen Corp, d/b/a Ricolombia (hereinafter Ricolombia, or Defendant) is a Florida corporation having a place of business in Dade County, Florida. At all times, Defendant was and is engaged in interstate commerce.

4. The individual Defendant Juana Soto was and is now the owner/partner/officer and manager of Defendant Corporation Ricolombia. This individual Defendant was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)].

5. All the actions raised in this complaint took place in Dade County, Florida, within the jurisdiction of this Court.

General Allegations

6. Defendant Ricolombia is a Colombian restaurant located at 715 E 9 Street, Hialeah 33010, where Plaintiff worked.

7. Defendant Ricolombia was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a retail business operating as a Colombian restaurant. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions by ordering products and supplies produced out of State. Upon information and belief, the proportional annual gross revenue of the Employer/Defendant was in excess of $500,000 per annum. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

8. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff had duties as a restaurant employee, and through her daily activities, Plaintiff participated in interstate commerce by regularly handling and working on goods and materials that were moved across State lines at any time during business and by handling credit card transactions. Therefore, there is individual coverage.

9. Defendants Ricolombia and Juana Soto employed Plaintiff Jacqueline Bonilla from November 04, 2022, to November 2024, or 107 weeks.

10. Plaintiff was a non-exempt, full-time, hourly tipped employee, and her regular wage rate was $8.25 an hour. Plaintiff's overtime should be $12.37 an hour.

11. Plaintiff worked as a restaurant employee performing as a server Plaintiff had additional responsibilities performing general restaurant work.

12. During her relevant time of employment with Defendants, Plaintiff worked five days per week. Plaintiff had Tuesday and Thursday off, but she worked Monday, Wednesday, Friday, Saturday, and Sunday from 9:00 AM to 8:00 PM (11 hours daily), or a total of 55 hours weekly. Plaintiff was not able to take bona fide lunch breaks.

13. During the relevant time of employment, Defendants failed to pay Plaintiff for every hour worked.  The plaintiff worked 55 hours per week, but she was paid for 40 hours plus tips. Plaintiff worked in excess of 40 hours, but she was not paid for overtime hours, as required by law.

14. In addition, during her time of employment, Plaintiff did not receive her wages in a timely manner on the designated payment day. Plaintiff received partial payments.

15. Defendants failed to pay Plaintiff accumulated wages for $3,600.00, or eleven weeks.

16. Plaintiff did not clock in and out. Regardless, Defendants had the ability to track the plaintiff's working hours, along with those of similarly situated employees, and maintained full control over the plaintiff's work schedule and activities.

17. Therefore, Defendants willfully failed to pay Plaintiffs regular wages and overtime hours at the rate of time and one-half their regular rate for every hour that they worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

18. Plaintiff was paid with cash or by Zelle without paystubs providing accurate information about Plaintiff's wage rate, the number of days and hours worked, employee taxes withheld, etc.

19. Plaintiff did not agree with the lack of payment of wages, and she complained multiple times.

20. On or about November 24, 2024, Plaintiff was forced to leave her position because she was not receiving her wages.

21. At the time of her leave, Defendants refused to pay Plaintiff for her overdue back wages. As a result, a significant number of hours went uncompensated.

22. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of 29 U.S.C. §206 states (a) of the Fair Labor Standards Act.

23. Plaintiff was paid with cash or Zelle without paystubs providing accurate information about Plaintiff's wage rate, the number of days and hours worked, employee taxes withheld, etc.

24. At times mentioned, individual Defendant Juana Soto was and is now the owner/partner/ and manager of Ricolombia. Defendant Juana Soto was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)]. This individual Defendant acted directly in Ricolombia's interests concerning its employees, including Plaintiff and others similarly situated. Defendant Juana Soto had financial and operational control of the business, determining Plaintiff's terms and conditions of employment. Accordingly, they are jointly and severally liable for Plaintiff's damages.

25. Plaintiff seeks to recover regular wages and unpaid overtime wages accumulated during her relevant period of employment, retaliatory damages, liquidated damages, and any other relief as allowable by law.

Collective Action Allegations

26. Plaintiff Yaqueline Bonilla brings this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

27. Plaintiff contends that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for regular hours and overtime hours at the rate of time and one-half their regular rate.

28. This action is intended to include every server, restaurant employee, and any similarly situated individuals who worked for Defendant at any time during the past three (3) years.

<u>**COUNT I:**</u>
**<u>WAGE AND HOUR FEDERAL STATUTORY VIOLATION;</u>**
**<u>FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS</u>**

29. Plaintiff Yaqueline Bonilla re-adopts every factual allegation stated in paragraphs 1-27 above as if set out in full.

30. This action is brought by Plaintiff Yaqueline Bonilla and those similarly situated to recover from the Employers unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.   29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

31. Defendants Ricolombia and Juana Soto employed Plaintiff Jacqueline Bonilla from November 04, 2022, to November 2024, or 107 weeks.

32. Plaintiff was a non-exempt, full-time, hourly tipped employee, and her regular wage rate was $8.25 an hour. Plaintiff's overtime should be $12.37 an hour.

33. Plaintiff worked as a restaurant employee performing as a server Plaintiff had additional responsibilities performing general restaurant work.

34. During her relevant time of employment with Defendants, Plaintiff worked five days per week, a total of 55 hours weekly. Plaintiff was not able to take bona fide lunch breaks.

35. The plaintiff worked 55 hours per week, but she was paid for 40 hours plus tips. Plaintiff worked in excess of 40 hours, but she was not paid for overtime hours, as

required by law.

36. Plaintiff did not clock in and out but Defendants had the ability to track the plaintiff's working hours, along with those of similarly situated employees, and maintained full control over the plaintiff's work schedule and activities.

37. Therefore, Defendants willfully failed to pay Plaintiffs overtime hours at the rate of time and one-half their regular rate for every hour that they worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

38. Plaintiff was paid with cash and Zelle without paystubs providing accurate information about Plaintiff's wage rate, the number of days and hours worked, employee taxes withheld, etc.

39. On or about November 24, 2024, Plaintiff was forced to leave her position because she was not receiving her wages.

40. The records, if any, concerning the number of hours worked by Plaintiff and all other employees and the compensation paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

41. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

*Please note that this amount is based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.

    a. Total amount of alleged unpaid wages:

Eleven Thousand Six Hundred Thirty-Six  Dollars and 25/100 ($11,636.25)

    b.  Calculation of such wages:

Total time of employment: 107 weeks
Relevant weeks of employment: 107 weeks
Total number of hours worked:  55 hours average weekly
Unpaid overtime hours: 15 O/T hours
Regular rate: $8.25 x 1.5 = $12.37-$5.12 tip credit=$7.25
O/T rate $7.25 an hour

$7.25 x 15 O/T hrs.= $108.75 weekly x 107 weeks=$11,636.25

    c.  Nature of wages (e.g. overtime or straight time):

This amount represents the unpaid overtime hours.[1]

42. At all times, the Employers/Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act. Still, no provision was made by Defendants to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

43. Defendants Ricolombia and Juana Soto knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff and those similarly situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

---

[1] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates her damages and reserves the right to amend the calculations.

44. Defendants Ricolombia and Juana Soto willfully and intentionally refused to pay Plaintiff overtime wages as required by United States law and remain owing Plaintiff these overtime wages, as set forth above.

45. Plaintiff Yaqueline Bonilla has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorney's fee.

## Prayer for Relief

Wherefore, Plaintiff Yaqueline Bonilla and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff and other similarly situated and against the Defendants Ricolombia and Juana Soto

B. + based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

C. Award Plaintiff Yaqueline Bonilla actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

D. Award Plaintiff an equal amount in double damages/liquidated damages; and

E. Award Plaintiff reasonable attorney's fees and costs of suit; and

F. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## Demand for a Jury Trial

Plaintiff Yaqueline Bonilla and those similarly situated demand trial by jury of all issues triable as of right by a jury.

Page **9** of **14**

## COUNT II:
## F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION:
## FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS

46. Plaintiff Yaqueline Bonilla re-adopts every factual allegation as stated in paragraphs 1-27 of this complaint as if set out in full herein.

47. This action is brought by Plaintiff to recover from the Employer unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206.  U.S.C. §206 states "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:

1) except as otherwise provided in this section, not less than—

(A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

(B) $6.55 an hour, beginning 12 months after that 60th day; and

(C) $7.25 an hour, beginning 24 months after that 60th day.

48. Defendants Ricolombia and Juana Soto employed Plaintiff Jacqueline Bonilla from November 04, 2022, to November 2024, or 107 weeks.

49. Plaintiff was a non-exempt, full-time, hourly tipped employee, and her regular wage rate was $8.25 an hour.

50. Plaintiff worked as a restaurant employee performing as a server Plaintiff had additional responsibilities performing general restaurant work.

51. During her relevant time of employment with Defendants, Plaintiff worked five days per week a total of 55 hours weekly. Plaintiff was not able to take bona fide lunch breaks.

52. During the relevant time of employment, Defendants failed to pay Plaintiff for every hour worked. The plaintiff worked 55 hours per week, but she was paid for 40 hours plus tips.

53. In addition, during her time of employment, Plaintiff did not receive her wages in a timely manner on the designated payment day. Plaintiff received partial payments.

54. Defendants failed to pay Plaintiff accumulated wages for $3,600.00, or eleven weeks.

55. Plaintiff did not clock in and out. Regardless, Defendants had the ability to track the plaintiff's working hours, along with those of similarly situated employees, and maintained full control over the plaintiff's work schedule and activities.

56. A substantial number of working hours were not paid to Plaintiff at any rate, not even at the minimum wage rate as required by law.

57. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of 29 U.S.C. §206 states (a) of the Fair Labor Standards Act.

58. Plaintiff was paid with cash or by Zelle without paystubs providing accurate information about Plaintiff's wage rate, the number of days and hours worked, employee taxes withheld, etc.

59. Plaintiff did not agree with the lack of payment of wages, and she complained multiple times.

60. On or about November 24, 2024, Plaintiff was forced to leave her position because she was not receiving her wages.

61. At the time of her leave, Defendants refused to pay Plaintiff for her overdue back wages. As a result, a significant number of hours went uncompensated.

62. The records, if any, concerning the number of hours actually worked by Plaintiff and all other employees and the compensation actually paid to such employees should be in the possession and custody of Defendants.  However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other similarly situated employees.

63. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

64. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendants violated the Posting requirements of 29 USC § 516.4.

65. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

*Please note that this amount is based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.

a. Total amount of alleged unpaid wages:

Three Thousand One Hundred Ninety Dollars and 00/100 ($3,190.00)

b. Calculation of such wages:

Total time of employment: 107 weeks
Total relevant weeks of employment: 107 weeks
Total number of unpaid weeks: 11 weeks

Average of total hours worked weekly: 55 hours weekly
Regular rate: $8.25 an hour
Federal Minimum wage rate: $7.25 an hour

$7.25 x 40 hours=$290.00 weekly x 11 weeks=$3,190.00

Nature of wages:

This amount represents unpaid hours at Florida min. wage rate.[2]

66. Defendants Ricolombia and Juana Soto unlawfully failed to pay minimum wages to Plaintiff.

67. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remained owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendants. Plaintiff is entitled to recover double damages.

68. Defendants Ricolombia and Juana willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States and remain owing Plaintiff these minimum wages as set forth above.

69. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorney's fee.

### Prayer for Relief

Wherefore, Plaintiff Yaqueline Bonilla and other similarly situated employees respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff and against the Defendants Ricolombia and Juana Soto,

---

[2] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates her damages and reserves the right to amend the calculations.

based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B.  Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C.  Award Plaintiff an equal amount in double damages/liquidated damages; and

D.  Award Plaintiff reasonable attorney's fees and costs of suit; and

E.  Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiff Yaqueline Bonilla and those similarly situated demand trial by jury of all issues triable as of right by jury.

Date: February 28, 2025

Respectfully submitted,

By:  **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*